NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PLANET BINGO, LLC,**
*Plaintiff-Appellant,*

**v.**

**VKGS LLC (doing business as Video King),**
*Defendant-Appellee.*

---

2013-1663

---

Appeal from the United States District Court for the Western District of Michigan in No. 12-CV-0219, Judge Robert Holmes Bell.

---

Decided: August 26, 2014

---

KAREN J.S. FOUTS, Weiss & Moy, P.C., of Grand Rapids, Michigan, argued for plaintiff-appellant. With her on the brief were VERONICA-ADELE R. CAO and KENNETH M. MOTOLENICH-SALAS, of Scottsdale, Arizona.

STEVEN L. UNDERWOOD, Price Heneveld LLP, of Grand Rapids, Michigan, argued for defendant-appellee. With him on the brief was MATTHEW J. GIPSON.

---

Before TARANTO, BRYSON, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge*.

Planet Bingo, LLC, owns two patents for computer-aided management of bingo games. After Planet Bingo filed an infringement action against VKGS, LLC, the district court granted summary judgment of invalidity, concluding that the patents do not claim patentable subject matter under 35 U.S.C. § 101. Because a straightforward application of the Supreme Court's recent holding in *Alice Corp. v. CLS Bank International*, 134 S. Ct. 2347 (2014), leads us to the same result, we affirm.

I

Planet Bingo alleged that VKGS infringed U.S. Patent Nos. 6,398,646 and 6,656,045. The '045 patent states that it is a continuation of the '646 patent. The claims at issue recite computer-aided methods and systems for managing the game of bingo. Generally, the claims recite storing a player's preferred sets of bingo numbers; retrieving one such set upon demand, and playing that set; while simultaneously tracking the player's sets, tracking player payments, and verifying winning numbers. *See, e.g.*, '646 patent col. 8 l. 45–col. 9 l. 18, col. 9 l. 33–col. 10 l. 13. Variations between the claims include display capabilities and options to purchase sets of bingo numbers.

Following a *Markman* order, VKGS filed a motion for summary judgment that the asserted claims are directed to a patent-ineligible concept. Applying the majority opinion's approach in *CLS Bank International v. Alice Corp.*, 685 F.3d 1341 (Fed. Cir. 2012) (en banc), the district court determined that "each method claim encompasses the abstract idea of managing/playing the game of Bingo." *Planet Bingo, LLC v. VKGS, LLC*, 961 F. Supp. 2d 840, 851 (W.D. Mich. 2013). The district court determined that the use of a computer in the method claims "adds nothing more than the ability to manage . . . Bingo

more efficiently," *id.* at 852, and that "the limitations of the system claims are the same as the limitations of the method claims that failed to result in an 'inventive concept,'" *id.* at 854. The district court stated that the system claims employ a computer "only for its most basic functions," including "storing numbers, assigning identifiers, allowing for basic inputs and outputs, printing of a receipt, displaying of numbers, and/or matching . . . for verification." *Id.* at 854–55. The court granted summary judgment on the grounds that all of the asserted claims are invalid under § 101. *Id.* at 857.

Planet Bingo appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## II

We review the grant of summary judgment under the law of the regional circuit. *Charles Mach. Works, Inc. v. Vermeer Mfg. Co.*, 723 F.3d 1376, 1378 (Fed. Cir. 2013). The Sixth Circuit reviews the grant or denial of summary judgment de novo. *Tompkins v. Crown Corr, Inc.*, 726 F.3d 830, 837 (6th Cir. 2013). We review de novo whether a claim is valid under § 101. *In re Nuijten*, 500 F.3d 1346, 1352 (Fed. Cir. 2007).

A patent may be obtained for "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101. The Supreme Court has "long held that this provision contains an important implicit exception: Laws of nature, natural phenomena, and abstract ideas are not patentable." *Alice*, 134 S. Ct. at 2354 (quoting *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 133 S. Ct. 2107, 2116 (2013)); *see also Gottschalk v. Benson*, 409 U.S. 63, 67 (1972) ("Phenomena of nature, though just discovered, mental processes, and abstract intellectual concepts are not patentable, as they are the basic tools of scientific and technological work."). But the application of these concepts to new and useful ends remains eligible for

patent protection.  *Id.* at 2355.  Accordingly, the Court has described a framework for identifying patent-eligible claims, wherein a court must determine whether the claims at issue are directed to a patent-ineligible concept and, if so, whether additional elements in the claims transform the claims into a patent-eligible application. *Id.*

A

As a preliminary matter, we agree with the district court that there is no meaningful distinction between the method and system claims or between the independent and dependent claims.  *See Planet Bingo*, 961 F. Supp. 2d at 854, 857.  The system claims recite the same basic process as the method claims, and the dependent claims recite only slight variations of the independent claims.

In this case, the claims at issue are drawn to patent-ineligible subject matter.  The '646 and '045 patents claim managing a bingo game while allowing a player to repeatedly play the same sets of numbers in multiple sessions. The district court correctly concluded that managing the game of bingo "consists solely of mental steps which can be carried out by a human using pen and paper." *Planet Bingo*, 961 F. Supp. 2d at 851.  Claim 7 of the '646 patent, for example, recites the steps of selecting, storing, and retrieving two sets of numbers, assigning a player identifier and a control number, and then comparing a winning set of bingo numbers with a selected set of bingo numbers. '646 patent col. 9 l. 33–col. 10 l. 13.  Like the claims at issue in *Benson*, not only can these steps be "carried out in existing computers long in use," but they also can be "done mentally."  409 U.S. at 67.

Planet Bingo argues that "in real world use, literally thousands, if not millions of preselected Bingo numbers are handled by the claimed computer program," making it impossible for the invention to be carried out manually. Appellant's Reply Br. 14.  But the claimed inventions do

not require as much. At most, the claims require "two sets of Bingo numbers," "a player," and "a manager." '646 patent col. 8 ll. 54–55, col. 9 l. 17; *see also* '045 patent col. 9 ll. 5–6. We need not, and do not, address whether a claimed invention requiring many transactions might tip the scales of patent eligibility, as the claims fall far short of capturing an invention that necessarily handles "thousands, if not millions" of bingo numbers or players.

Moreover, the claims here are similar to the claims at issue in *Bilski v. Kappos*, 130 S. Ct. 3218 (2010), and *Alice*, 134 S. Ct. 2347, which the Supreme Court held were directed to "abstract ideas." For example, the claims here recite methods and systems for "managing a game of Bingo." '646 patent col. 8 l. 46; *see also id.* col. 9 l. 33; '045 patent col. 8 l. 64. This is similar to the kind of "organizing human activity" at issue in *Alice*, 134 S. Ct. at 2356. And, although the '646 and '045 patents are not drawn to the same subject matter at issue in *Bilski* and *Alice*, these claims are directed to the abstract idea of "solv[ing a] tampering problem and also minimiz[ing] other security risks" during bingo ticket purchases. Appellant's Br. 10, 20. This is similar to the abstract ideas of "risk hedging" during "consumer transactions," *Bilski*, 130 S. Ct. at 3231, and "mitigating settlement risk" in "financial transactions," *Alice*, 134 S. Ct. at 2356–57, that the Supreme Court found ineligible. Thus, we hold that the subject matter claimed in the '646 and '045 patents is directed to an abstract idea.

## B

Abstract ideas may still be patent-eligible if they contain an "'inventive concept' sufficient to 'transform' the claimed abstract idea into a patent-eligible application." *Alice*, 134 S. Ct. at 2357 (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1294, 1298 (2012)).

Apart from managing a game of bingo, the claims at issue also require "a computer with a central processing unit," "a memory," "an input and output terminal," "a printer," in some cases "a video screen," and "a program . . . enabling" the steps of managing a game of bingo. '646 patent col. 8 ll. 45–53, col. 9 l. 29. These elements, in turn, select, store, and retrieve two sets of numbers, assign a player identifier and a control number, and then compare a winning set of bingo numbers with a selected set of bingo numbers.

"[I]f a patent's recitation of a computer amounts to a mere instruction to 'implemen[t]' an abstract idea 'on . . . a computer,' . . . that addition cannot impart patent eligibility." *Alice*, 134 S. Ct. at 2358 (quoting *Mayo*, 132 S. Ct. at 1301). In this case, the claims recite a generic computer implementation of the covered abstract idea.

Planet Bingo argues that the patents recite "significantly more" than an abstract idea because the invention includes "complex computer code with three distinct subparts." Appellant's Br. 33, 38. We disagree. The '646 and '045 patents do not claim the "accounting program," "ticket program," and "verification program" that Planet Bingo identifies in its briefs. Instead, the claims recite a program that is used for the generic functions of storing, retrieving, and verifying a chosen set of bingo numbers against a winning set of bingo numbers. And, as was the case in *Alice*, "the function performed by the computer at each step of the process is '[p]urely conventional.'" *Alice*, 134 S. Ct. at 2359 (quoting *Mayo*, 132 S. Ct. at 1298).

Accordingly, we hold that the claims at issue do not have an 'inventive concept' sufficient to 'transform' the claimed subject matter into a patent-eligible application.

## III

We have considered Planet Bingo's remaining arguments and find them unpersuasive. Applying the Su-

preme Court's precedents, the claims at issue are invalid under § 101.

**AFFIRMED**